**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JASIR ALI,<br><br>        Plaintiff,<br><br>v.<br><br>CREDITORS BUREAU ASSOCIATES OF GEORGIA,<br><br>        Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 24-7631-KMW-SAK<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Defendant Creditor Bureau Associates of Georgia's ("Defendant") unopposed Motion to Dismiss (Dkt. No. 10) Plaintiff Jasir Ali's ("Plaintiff") Complaint (Dkt. No. 1) for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**WHEREAS**, Plaintiff's Complaint alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* when it failed to provide the proper notice in compliance with 15 U.S.C. § 1692g(a)(3),[1] (Compl. ¶ 53); and

**WHEREAS**, Plaintiff alleges that on July 6, 2023, he received a debt collection letter from Defendant that did not contain statements required by § 1692g(a) (Compl. ¶¶ 25-26). The debt collection letter stated that Plaintiff had until August 20, 2023 to dispute the debt. (*Id.*, ¶ 34, Ex.

---

[1] 15 U.S.C. § 1692g(a)(3) states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]

A.) Plaintiff alleges that Defendant violated § 1692 because "Defendant falsely presented to Plaintiff that he had more than 30 days to dispute the alleged debt." (Compl. ¶ 34, Ex. A); and

**WHEREAS**, Plaintiff further alleges that Defendant did not send him a written notice in the mail within five (5) days of Defendant's initial letter stating that Plaintiff had thirty (30) days to dispute the alleged debt as required by § 1692g(a)(3), which "caused Defendant to be in violation of Plaintiff['s] consumer rights under the FDCPA," (Compl. ¶ 28); and

**WHEREAS**, Plaintiff does not allege that he disputed the debt, or failed to timely dispute the debt in reliance on the additional time allotted by Defendants in their debt collection letter, or articulate any harm that resulted from the portion of Defendant's debt collection letter that provided Plaintiff more than the thirty (30) days set forth in § 1692(a)(3) for Plaintiff to dispute the debt, (*see generally* Compl.); and

**WHEREAS**, a motion to dismiss for lack of standing is properly brought pursuant to Fed. R. Civ. P. 12(b)(1) because standing is a jurisdictional matter, *see Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).[2] "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); and

**WHEREAS**, "to establish standing, a plaintiff must show (1) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *NCAA v. Governor of N.J.*, 730 F.3d 208, 218 (3d

---

[2] A facial challenge to subject-matter jurisdiction brought pursuant to Rule 12(b)(1) "attacks the complaint on its face without contesting its alleged facts." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016).

Cir. 2013). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); and

**WHEREAS**, in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the United States Supreme Court held that an "asserted informational injury that causes no adverse effects cannot satisfy Article III." *Id.* at 2214 (citing U.S. Const. art. 3, § 2, cl. 1). In *Ramirez*, one class of plaintiffs alleged that the defendant violated its obligations under the Fair Credit Reporting Act ("FCRA") because, *inter alia*, it mailed the plaintiffs credit reports in the wrong format. *Id.* The Supreme Court held that the class of plaintiffs alleging only informational injuries arising from technical violations of the FCRA lacked Article III standing to bring their claims because they did not suffer a concrete injury in fact. *Id.*; and

**WHEREAS**, the Supreme Court held in *Ramirez* that an intangible harm may satisfy concreteness requirements for purposes of Article III if "the asserted harm has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id.* at 2200 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)); and

**WHEREAS**, courts in this District have similarly held that an alleged statutory violation, absent any concrete injury, is insufficient to confer standing. *See, e.g., Sandoval v. Midland Funding, LLC*, No. 18-09396, 2022 WL 3998294, at *1 (D.N.J. Sept. 1, 2022) ("Having asserted only an alleged statutory violation that resulted in no 'downstream consequences' or 'adverse effects' caused by said statutory violation, Plaintiffs failed to meet their burden of establishing the elements of standing."); *Rohl v. Prof'l Fin. Co.*, No. 21-17507, 2022 WL 1748244, at *4 (D.N.J. May 31, 2022) ("[plaintiff] does not allege an injury beyond statutory violations, which the Supreme Court has made clear is not enough to confer standing"); *Lahu v. I.C. Sys., Inc.*, No. 20-6732, 2022 WL 6743177, at *4 (D.N.J. Oct. 11, 2022) ("allegations of confusion or uncertainty

alone are insufficient to confer standing"); *Rodriguez v. Awar Holding, Inc.*, No. 18-16251, 2022 WL 475614, at *3 (D.N.J. Feb. 15, 2022) ("there is a . . . fundamental reason that [plaintiff] lacks standing . . . [t]he complaint does not allege that [plaintiff] suffered any harm from the letters at all"); and

**WHEREAS**, courts typically begin their analysis of debtors' statutory violation claims arising from false or misleading debt collection letters by analogizing them to common law fraudulent or negligent misrepresentation. *See, e.g., Lahu v. I.C. Sys., Inc.*, 2022 WL 6743177, at *3 ("[C]ourts in this District have found that the harm generally alleged here—that a debt collection letter containing false and misleading information causes an injury, namely confusion or uncertainty as to how to respond to the collection letter—is related to common-law fraud."); *Madlinger v. Enhanced Recovery Co., LLC*, No. 21-00154, 2022 WL 2442430, at *5 (D.N.J. July 5, 2022) ("misleading, confusing debt communications can cause harm sufficiently concrete for Article III standing under the common-law analogue of fraudulent and negligent misrepresentation."); and

**WHEREAS**, at common law, a plaintiff asserting a claim for fraudulent or negligent misrepresentation must allege some form of detrimental reliance on the misrepresentation. *Madlinger, LLC*, 2022 WL 2442430, at *6 ("[U]nder common-law, 'there can be no recovery if the plaintiff is none the worse off for the misrepresentation, however flagrant it may have been.'"); *Lahu*, 2022 WL 6743177, at *3 ("[A] plaintiff must allege some form of detrimental reliance on the representations made by a defendant in a collection letter to adequately plead an injury for purposes of establishing standing."); and

**WHEREAS**, here, Plaintiff does not allege any detrimental reliance on Defendant's representation that he had until August 20, 2023 to dispute the alleged debt, (*see generally*

4

Compl.); *see Lahu*, 2022 WL 6743177, at *4-5 (dismissing FDCPA claims based on misleading collection letter where complaint "devoid of allegations that [plaintiff] detrimentally took a course of action due to her confusion or uncertainty that ultimately caused her some harm."); *Rohl*, 2022 WL 1748244, at *4 (finding no standing in FDCPA letter case where "Complaint fails to plausibly allege that [plaintiff] relied on Medicredit's representation such that her injury-in-law is transformed into an injury-in-fact."); and

**WHEREAS**, Plaintiff does not allege any harm that he suffered because Defendant's letter indicated he had more time to dispute the alleged debt than § 1692 required.

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

IT IS HEREBY on this 31st day of **October**, 2025, **ORDERED** as follows:

(1) Defendant's Motion to Dismiss (Dkt No. 10) is **GRANTED**.

(2) Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

(3) Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein.

(4) The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE